## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 14 2017, 8:49 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Douglas M. Grimes
Douglas M. Grimes, PC
Gary, Indiana

ATTORNEY FOR APPELLEE

Eric Oden Clark
Munster, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald Protho and
Gwen Protho,

*Appellants-Respondents,*

v.

Tawanna Brown,

*Appellee-Claimant*

March 14, 2017

Court of Appeals Case No.
45A04-1608-SC-1815

Appeal from the Lake Superior
Court

The Honorable Elizabeth F.
Tavitas, Judge

Trial Court Cause No.
45D03-1605-SC-4

**Baker, Judge.**

On May 1, 2015, Tawanna Brown purchased a property in Gary (the Property) at a tax sale for $300. The property was occupied by Ronald and Gwen Protho. On February 23, 2016, Brown filed a notice of claim seeking immediate possession of the Property.[1] On August 5, 2016, following a hearing, the trial court entered an order granting immediate possession of the Property to Brown and setting a future hearing on damages. On August 10, 2016, the Prothos filed a motion to stay the proceedings and a notice of appeal. On August 15, 2016, the eviction of the Prothos occurred pursuant to the August 5 order. On August 17, 2016, the trial court granted the motion to stay the proceedings. The Prothos now appeal.

The only argument raised by the Prothos on appeal is that the trial court erred by waiting to rule on the motion to stay until August 17, which was two days after the eviction had already occurred. The Prothos offer no citations to authority supporting their contention that the trial court ruled in an untimely fashion. Trial Rule 62(B) provides that the ruling on a motion to stay while an appeal is pending is solely within the discretion of the trial court. And Trial Rule 6(D) provides that when a written motion is filed, at least five days must lapse before a hearing on that motion is set, presumably so that the opposing party has an opportunity to respond. Here, the Prothos' motion was filed on August 10 and, when an intervening weekend is excluded, five days had lapsed

---

[1] Marion Williams, who owned the property directly abutting the Property, intervened in Brown's claim. Williams is not participating in this appeal.

on August 17—the day on which the trial court ruled on the motion. Under these circumstances, we see no error in the timing of the trial court's ruling.[2]

[3] Although the Prothos ask that we reverse the trial court's order granting immediate possession of the Property to Brown and reinstate the Prothos' tenancy, they offer absolutely no argument with respect to the propriety of the order or the substance of the litigation. Therefore, we decline to dispose of the case in this fashion.

[4] The judgment of the trial court is affirmed and remanded for further proceedings.

Mathias, J., and Pyle, J., concur.

---

[2] Even if we had found error in the timeliness of the trial court's ruling, we are hard pressed to determine what remedy could be offered to the Prothos.